# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-89V
### Filed: April 11, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JACQUELINE HAIM, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Lisa Levine, Esq.*, Lisa S. Levine, PA, Weston, FL, for petitioner.
*Althea Davis, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 29, 2015, Jacqueline Haim ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffers from multiple sclerosis ("MS") as a result of the hepatitis A, human papilloma virus ("HPV"), and meningococcal meningitis vaccinations she received on July 19, 2013. Petition, ECF No. 1.

On November 6, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs ("Motion for Interim Fees"), requesting $12,152.10 in attorneys' fees and $5,826.50 in attorneys' costs, for a total of $17,978.60. Motion for Interim Fees at 1-2, ECF No. 104. On November 16,

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2018, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours worked, but instead asked that the undersigned exercise her discretion in determining whether interim attorneys' fees and costs are appropriate and whether the statutory requirements for an award of any fees have been met. Response at 2, ECF No. 105. Petitioner did not file a reply to respondent's response.

## I. Procedural History

Petitioner filed her petition on January 29, 2015. ECF No. 1. This case was originally assigned to Special Master Hamilton-Fieldman on January 30, 2015.[3] ECF No. 4. Petitioner was ordered to file complete medical records and a Statement of Completion by March 12, 2015. Order, ECF No. 5. Petitioner filed several medical records on February 20, 2015, and a Statement of Completion on March 20, 2015. Petitioner's Exhibits ("Pet. Ex.") 1-17, ECF No. 7-8. Respondent was ordered to file a status report by April 10, 2015. Non-PDF Order, dated March 20, 2015.

On April 6, 2015, respondent filed his status report advising that he intended to file his Rule 4(c) Report by April 29, 2015. Respondent's Status Report ("Resp. S.R.") at 1, ECF No. 9. Respondent filed his Rule 4(c) Report on April 29, 2015 and argued that petitioner failed to satisfy the *Althen* criteria necessary to prove petitioner's MS was caused by the vaccines in question. Respondent's Report at 11, ECF No. 13.

A status conference was held on May 20, 2015, after which petitioner was ordered to file updated medical records, an affidavit clarifying whether petitioner was being treated for MS or acute disseminated encephalomyelitis ("ADEM"), as was mentioned in the medical records from petitioner's treating neurologist, Dr. William Sheremata. *See* Pet. Ex. 10 at 107. A status report identifying the places in her medical records that document her date of vaccination and date of onset of her symptoms by July 1, 2015 was ordered as well. Order, ECF No. 14. Petitioner was also ordered to file an expert report by July 29, 2015. *Id.*

On June 19, 2015, petitioner filed a motion for extension of time to file her affidavits by July 15, 2015, which was granted. Motion, ECF No. 16; Order, ECF No. 17. Petitioner filed updated medical records on July 1, 2015. Pet. Ex. 22, ECF Nos. 20-21.

Petitioner's counsel was contacted by Special Master Hamilton-Fieldman's chambers on July 6, 2015 regarding petitioner's missed deadline to file a status report identifying the pages in the medical records that contained proof of vaccination and onset of symptoms by July 1, 2015. Informal Communication, dated July 6, 2015. Petitioner's counsel advised she would file the documents that day. *Id.* Petitioner filed a Statement of Completion and a status report including the requested references the same day. Petitioner's Status Report ("Pet. S.R."), ECF No. 23-24. Special Master Hamilton-Fieldman's chambers contacted petitioner's counsel again on July 6, 2015, advising that several of petitioner's medical records were filed incorrectly. Informal Communication, dated July 6, 2015. The Court entered four orders striking petitioner's erroneously filed exhibits the same day. Non-PDF Orders, dated July 6, 2015.

---

[3] This case was reassigned to the undersigned on January 14, 2016. ECF No. 52.

Petitioner filed additional medical records, including MRI imaging, on July 14, 2015. Pet. Ex. 23-24, ECF No. 29. On July 28, 2015, petitioner filed a motion for extension of time to file her expert report. Motion, ECF No. 31. A status conference was held on August 5, 2015, after which petitioner's motion for extension of time was granted, and she was ordered to file an expert report by September 11, 2015. Order, ECF No. 34.

Petitioner filed updated medical records on August 27, 2015, and September 10, 2015. Pet. Ex. 29-30, ECF No. 35-36. On September 11, 2015, petitioner filed an expert report from Dr. Sheremata. Pet. Ex. 32, ECF No. 37.

A status conference was held October 7, 2015, during which petitioner's counsel was advised of the shortcomings of Dr. Sheremata's expert report. Order, ECF No. 45. Special Master Hamilton-Fieldman informed petitioner's counsel that Dr. Sheremata's report was conclusory; she noted the report did not identify the mechanism by which the vaccines allegedly caused petitioner's injuries, lacked citations to the medical records in support of the theory, and did not explain in sufficient detail why it was reasonable to believe that onset occurred so quickly after vaccination. *Id.* Accordingly, petitioner was ordered to file a supplemental expert report addressing the aforementioned issues by November 25, 2015. *Id.*

Petitioner filed three motions for extension of time over the following six months.[4] Motions, ECF Nos. 49-50, 53. On June 6, 2016, petitioner incorrectly filed the supplemental report from Dr. Sheremata seven times. *See* ECF Nos. 54-60. The following day, petitioner filed motions to strike each expert report, Motions, ECF No. 61-67, which the undersigned granted. Non-PDF Order, dated June 8, 2016. Petitioner filed another incorrectly filed supplemental expert report[5] authored by Dr. Sheremata, along with supporting medical literature, on June 22, 2016. Pet. Ex. 33-40, ECF No. 68-76.

A status conference was held on July 26, 2016, during which petitioner was informed that the recently filed expert reports contained several errors, and one filing appeared to begin in the middle of the report. Order at 1, ECF No. 78. The undersigned also advised petitioner that Dr. Sheremata's report failed to satisfy the *Althen* criteria and did not address the quick onset of petitioner's symptoms following the vaccine. *Id.* Dr. Sheremata also failed to address which of the vaccinations in question trigged petitioner's ADEM and how ADEM led to petitioner's MS diagnosis. *Id.* Petitioner was ordered to strike the erroneously filed documents by July 29, 2016 and file an expert report that complied with the *Althen* criteria by August 25, 2016. *Id.*

On August 22, 2016, petitioner filed motions to strike the incorrectly filed exhibits and a motion for extension of time, requesting a 90-day extension to file her expert report from Dr. Sheremata as he had recently fallen ill. Motions, ECF Nos. 79-81. The Court granted petitioner's motions to strike, Non-PDF Orders, dated August 22, 2016, and granted petitioner's motion for extension of time in part, allowing a 60-day extension to file her expert report by October 25, 2016. Non-PDF Order, dated August 22, 2016.

---

[4] One of these motions was due to a death in petitioner's counsel's family. Motion, ECF No. 50.

[5] This expert report was later stricken and re-filed due to erroneous pagination. *See* Order, ECF No. 78.

On October 24, 2016, petitioner filed a supplemental expert report from Dr. Sheremata. Pet. Ex. 41, ECF No. 84. The parties were ordered to file a joint status report by November 30, 2016, indicating whether settlement negotiations were a possibility. Non-PDF Order, dated October 24, 2016.

The parties filed a joint status report on November 23, 2016, advising that respondent was not interested in pursuing settlement at that time. Joint S.R., ECF No. 85. Respondent was ordered to file an expert report by January 23, 2017. Non-PDF Order, dated November 23, 2016. After two motions for extension of time, Motions, ECF No. 86-87, respondent filed an expert report from Dr. Subramaniam Shriram on April 24, 2017. Respondent's Exhibit ("Resp. Ex.") A, ECF No. 88.

A status conference was held on June 29, 2017, during which petitioner's counsel advised that petitioner's expert, Dr. Sheremata, had recently passed away. Order, ECF No. 90. As such, petitioner was ordered to file a status report by August 1, 2017, advising the Court on her progress in obtaining a new expert. *Id.*

After two motions for extension of time, Motions, ECF No. 91-92, petitioner filed a motion on December 5, 2017, advising she had obtained a new expert, Dr. Waden Emery, and requesting 60 days to file Dr. Emery's expert report. Motion, ECF No. 93. Petitioner was granted a 90-day extension and was ordered to file an expert report by March 5, 2018. Non-PDF Order, dated December 5, 2017. On March 5, 2018, petitioner filed an expert report from Dr. Emery, ECF No. 94, that was later stricken as it was incorrectly filed. Order, ECF No. 102.

On March 7, 2018, the undersigned issued an order indicating that Dr. Emery's report failed to address any of the three-prongs set forth in *Althen*. Order, ECF No. 95. Therefore, petitioner was ordered to file a supplemental report from Dr. Emery that complied with *Althen* by May 7, 2018. *Id.* Petitioner filed Dr. Emery's supplemental report and supporting medical literature on May 7, 2018. ECF No. 97. However, the report and the literature were later stricken from the record due to incorrect filing and pagination. Order, ECF No 102.

A status conference was held on July 11, 2018, during which petitioner was advised that several of her exhibits were filed incorrectly, either out of numerical sequence and/or without appropriate pagination. Order, ECF No. 98. Petitioner was also informed that Dr. Emery's supplemental expert report failed to address *Althen* prongs 1 and 2. *Id.* Petitioner was ordered to file motions to strike the incorrectly filed documents by August 27, 2018 and file either a supplemental expert report that satisfies the *Althen* criteria or a status report indicating how she intended to proceed by October 9, 2018. *Id.*

Petitioner filed motions to strike her improperly numbered and paginated filings on August 23, 2018, which were granted. Order, ECF No. 102. Petitioner also re-filed Dr. Emery's expert report that had already been filed in this case on August 23, 2018. ECF No. 100. On October 9, 2019, petitioner filed a supplemental expert report from Dr. Emery. Pet. Ex. 48, ECF No. 101. Respondent was ordered to file a responsive expert report or a status report advising how he intended to proceed by December 10, 2018. Non-PDF Order, dated October 9, 2018.

On November 6, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs ("Interim Fees Motion"), in which she requested attorneys' fees in the amount of $12,152.10, and costs in the amount of $5,826.50, totaling $17,978.60. Interim Fees Motion at 1-2, ECF No. 104. On November 16, 2018, respondent filed a response to petitioner's Interim Fees Motion stating, "Respondent defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award . . . and the statutory requirements for an award of attorneys' fees." Response, ECF No. 106. Petitioner did not file a reply to respondent's response.

Respondent filed an expert report from Dr. Sriram on December 10, 2018. Resp. Ex. C, ECF No. 106. A Rule 5 status conference was scheduled for January 31, 2019. Non-PDF Order, dated December 17, 2018. Following a lapse in the Department of Justice's appropriations from December 22, 2018 through January 25, 2019, the Rule 5 status conference was rescheduled for April 17, 2019. Non-PDF Order, dated February 5, 2019. Respondent filed medical literature on March 22, 2019. Resp. Ex. A1-7, C3, ECF No. 107.

On April 2, 2019, petitioner's counsel contacted the undersigned's chambers advising that she was now unavailable for the previously schedule Rule 5 status conference. Informal Communication, dated April 2, 2019. Petitioner's counsel was provided with three possible dates for the status conference but informed the undersigned's chambers that she was unavailable on all the proposed dates. Informal Communication, dated April 4, 2019. Petitioner's counsel, along with respondent's counsel, were provided with additional dates for a status conference via email the same day, but petitioner's counsel has yet to respond with her availability.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). One instance in which interim fees have been awarded is "where proceedings are protracted." *Avera*, 515 F.3d at 1352.

## III. Discussion

### A.    Availability of Interim Fees

The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F.3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award

interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods*, 105 Fed. Cl. at 154, and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). The inquiry is simply whether there is "a good faith basis for the claim" and the denial of interim fees would "impose[] an undue hardship" in the circumstances of the case. *Shaw*, 609 F.3d at 1375. In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are not warranted. While this case has been pending for four years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award," it has not yet been determined whether petitioner meets the statutory requirements for an award of attorneys' fees and costs. *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018). Further the delays in this case were primarily within the control of petitioner. Petitioner recently filed an expert report that may not satisfy the *Althen* criteria. *See* Pet. Ex. 48. Though a Rule 5 status conference has been scheduled twice, one adjourned due to the lack of the Department of Justice's appropriations, and one rescheduled at petitioner's counsel's request, the undersigned has been unable to discuss this matter with counsel and whether petitioner's expert report is sufficient in order to proceed.

This matter has been pending before the Court as long as it has due to petitioner's counsel's inability to file documents in accordance with the Vaccine Guidelines. *See* ECF Nos. 27, 30, 54-60, 68-69, 97. Additionally, petitioner has failed to file expert reports in compliance with *Althen* despite several orders issued by the undersigned and Special Master Hamilton-Fieldman explaining the *Althen* criteria. *See* Orders, ECF Nos. 45, 78, 95, 98. Therefore, interim fees and costs will not be entertained in this matter, if at all, until an entitlement hearing has been held, if deemed appropriate. Therefore, petitioner's Motion for Interim Fees and Costs is DENIED.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **DENIED.** The Clerk of Court shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.