# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-89V
Filed: November 26, 2025

* * * * * * * * * * * * * *
JACQUELINE HAIM,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * *

*Alexander Laufer, Esq.*, Eisenhower and Laufer, PC, Fairfax, VA, for petitioner.
*Mary Holmes, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 29, 2015, Jacqueline Haim ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed multiple sclerosis ("MS") after receiving Hepatitis A ("Hep A"), human papillomavirus ("HPV"), and meningococcal meningitis vaccines on July 19, 2013. *See* Petition, ECF No. 1. A decision adopting the parties' joint stipulation issued on February 24, 2025. ECF No. 204.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner now seeks an award of final attorneys' fees and costs,[3] requesting a total of **$193,254.28**, representing $145,467.10 in attorneys' fees and $47,787.18 in costs. Motion for Fees, ECF No. 209. Respondent filed his response on August 28, 2025. Response, ECF No. 210. Petitioner did not file a reply.

After careful consideration, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part** for the reasons set forth below.

## I.    Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

---

[3] Petitioner previously filed a motion for interim fees and costs, which was denied. *See* ECF Nos. 104-05, 108. A second motion for interim fees was deferred. *See* ECF Nos. 117, 119, 122. The instant motion for final fees appears to be comprehensive. *See* ECF No. 209.

2

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

On behalf of her former counsel, Ms. Lisa Levine, petitioner requests the following hourly rates: $415 for 2015 and 2016, $424 for 2017, and $439 for 2018 through 2020. The total fee request for Ms. Levine is $17,088.70. *See generally* Motion for Fees Tab A. These rates require reduction. Ms. Levine has previously been awarded $350 for 2015 and 2016, and $385 for 2017 and 2018. *Moore v. Sec'y of Health & Human Servs.*, No. 15-90V, 2019 WL 423066, at *1 (Fed. Cl. Spec. Mstr. Jan. 10, 2019) (awarding the "low end of the applicable range[]" within the Fee Schedule because Ms. Levine "had a difficult time complying with the rules for filing and for complying with the Court orders and established deadlines."). Ms. Levine similarly had a difficult time in this case complying with the rules for filing, with Court orders, and established deadlines to such an extent that the prosecution of this matter was unnecessarily delayed with no advancement until subsequent counsel assumed responsibility for the case. Thus, I will award the rates as previously awarded for 2015-2018 herein. A reasonable hourly rate has not been set for Ms. Levine for years 2019 and 2020. Due to Ms. Levine's inability to comply with deadlines and advance this matter in a timely fashion, the same reasoning from *Moore* will apply for Ms. Levine's rates for 2019 and 2020 with the low end of the applicable range in the Fee Schedule being applied. As such, Ms. Levine is awarded $415 for 2019 and $433 an hour for 2020.

For Ms. Amber Wilson, petitioner requests an hourly rate of $479 for 2024. The total fee request for Ms. Wilson is $40,882.65. *See generally* Motion for Fees Tab E. This is consistent with the rate she has previously been awarded for 2024. *Munoz v. Sec'y of Health & Human Servs.*, No. 21-1369V, 2024 WL 2730966, at *1 (Fed. Cl. Spec. Mstr. May 1, 2024). Thus, I find her hourly rate to be reasonable.

Finally, on behalf of Mr. Laufer, petitioner requests the following hourly rates: $415 for 2020 and 2021, $425 for 2022 and 2023, $435 for 2024, and $425 and $435 for 2025. The total fee request for Mr. Laufer is $87,495.75. *See generally* Motion for Fees Tab I. Reductions to the requested rates are warranted. Mr. Laufer has previously been awarded $400 for 2020 and $415 for 2022 and 2023. *Tomlin v. Sec'y of Health & Human Servs*. No. 17-1410V, 2020 WL 6582175, at *1 (Fed. Cl. Spec. Mstr. Oct. 19, 2020); *McFadden v. Sec'y of Health & Human Servs.*, No. 16-1192V, 2024 WL 4930333, at *1 (Fed. Cl. Spec. Mstr. Nov. 4, 2024). Thus, those rates are awarded herein. It appears reasonable rates for Mr. Laufer for years 2024 and 2025 have not been

---

[4] The 2015-2025 Fee Schedules can be accessed at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

3

determined. Mr. Laufer has practiced law for 48 years. His requested rates for 2024 and 2025 fall well below the low end of the range established in the Fee Schedule for attorneys with commensurate years in practice. Thus, I find the requested rates for 2024 and 2025 reasonable.

### A. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, reductions are appropriate. First, it appears both Ms. Levine and Mr. Laufer billed their full attorney rates for paralegal work, such as preparing medical record requests from petitioner's providers (Motion for Fees Tab A at 1), drafting notices of filing (Motion for Fees Tab A at 2), receiving and depositing stipulated proceeds (Motion for Fees Tab I at 2), drafting and filing witness list (Motion for Fees Tab I at 6), and downloading exhibits to distribute to co-counsel (Motion for Fees Tab I at 7). Second, Ms. Wilson's billing records reflect roughly three weeks of work on this case, totaling 85.35 hours, all of which was spent preparing for the hearing. This appears excessive, considering the parties were engaged in settlement discussions up to the eve of hearing at which time they requested that the Court issue a 15-Week Order. Thus, I will reduce each attorneys' requested fee by 5% to reflect these issues in billing practices and the hourly rates as detailed above.

Petitioner is therefore awarded final attorneys' fees of **$138,193.75.**[5]

---

[5] $145,467.10 ($17,088.70 + $40,882.65 + $87,495.75) x 95% = $138,193.75 (rounded up).

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $47,787.18 in costs. Motion for Fees Tab B; Motion for Fees Tab C; Motion for Fees Tab F; Motion for Fees Tab H; Motion for Fees Tab J. Some of the costs are associated with medical records requests, copies, postage, the filing fee, and service of subpoenas. These costs are routinely awarded in vaccine cases and are supported by the receipts filed; thus, they are awarded in full. However, some of the costs will not be awarded. Ms. Levine requested $138 for the admission fee to the U.S. Court of Federal Claims. Motion for Fees Tab C at 11; *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at *15 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable). She also requested reimbursement of $102.69 for "Mileage/Parking"; this expense is not supported by any receipts filed and it is not clear if or how this expense is related to petitioner's claim. *See generally id.*; Motion for Fees Tab B at 2. Additionally, Mr. Laufer's list of expenses incurred by petitioner includes a total of $400 with no corresponding description of the expense item and no receipt to support this charge. Motion for Fees Tab H at 2; Motion for Fees Tab J. Thus, this cost will not be awarded.

The remaining costs are associated with petitioner's experts. Dr. Sheremata who charged $1,200 for 2 hours for "medical evaluation" of petitioner. Motion for Fees Tab C at 15. Dr. Emery charged a total of $2,675 for 11.25 hours of work on this matter. *Id.* at 17-21. The overall amount requested on behalf of both experts is reasonable.

Dr. Tornatore charged a total of $37,125 for 82.5 hours of work. This time was spent drafting three expert reports and preparing for the entitlement hearing. Motion for Fees Tab F. He has previously been awarded a higher hourly rate than what he requested herein. *See Hodge by Elson v. Sec'y of Health & Human Servs.*, No. 09–453V, 2017 WL 1315716, at *1 (Fed. Cl. Spec. Mstr. Mar. 9, 2017); *Singleton v. Sec'y of Health & Human Servs.*, No. 17-1474V, 2024 WL 5087743, at *1 (Fed. Cl. Spec. Mstr. Nov. 12, 2024). Thus, I find the costs associated with Dr. Tornatore to be reasonable.

Petitioner is therefore awarded total costs of **$47,146.49.**[6]

### III.   Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part.** Petitioner is hereby awarded a total of **$185,340.24,** representing **$138,193.75** in attorneys' fees and **$47,146.49** in costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

The Clerk of Court is directed to enter judgment in accordance with this decision.[7]

---

[6] $47,787.18 – 138.00 – 102.69 – 400.00 = $47,146.49.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IT IS SO ORDERED.

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
